Martin J.
delivered the opinion of the court. On the 19th of November last, a treasury exe- • • it i -(voi-iti cution issued, directed torihe sheriti ot bt. John the Baptist, of which the defendant, Montegut, is sheriff, and the other defendants, his sureties, for the taxes of the preceding year, not accounted for. There being no coroner in that parish, the treasurer wrote to the attorney general, desiring him, in pursuance of the twenty-first section of the act supplementary to the several acts relative to the revenue of the state, to use every exertion for the recovery of the sum due.
*448 The attorney general addressed a letter to Montegut, on the 15th of the same month, giving him notice, that on the 29th he should make a motion in the court of the district, to put in force the execution issued by the treasurer. A copy of this letter was served on all the defendants, and on the 29th, on the attorney general’s motion, the district court gave judgment against all the defendants for the arrearages of taxes mentioned in the execution. The defendants appealed.
The attorney general attended, and prayed this court not to notice the appeal, as in his opinion the state was not suable by any of her citizens : none of whom, he said, could bring her into court, even by appeal.
He also desired the court to take notice that the citation of appeal had been served on him alone; while it could not be served on an attorney, unless the principal was out of the state.
The defendants contended that the district court had erred in giving judgment for the state, as no notice had been served on them that any judgment would be moved for.
We are of opinion that the constitution and the law having provided that the jurisdiction *449 »f this court should extend to all civil eases, where the matter in dispute expends the sum of three hundred dollars, civil cases, in which the state is a party, are necessarily included ; as neither the constitution nor the law have .made any distinction, the court cannot^ make ■any. Ubi lex non distinguit, nee nos distin-guere debemüs.
The attorney 'general, the only person authorized, to act in suits in which the state is interested, having been served with the citation of appeal, .having attended in this* court and prayed a dismissal, without pleading what he now calls an illegal or insufficient service in abatement, this court is, bound to proceed to the examination of the case on its merits.
The district court has not given any of the reasons on which its judgment is grounded but the judge has certified that the record contains all the evidence on which the cause was tried.
It is true the law authorizes the attorney general' to obtain judgment on motion, or to proceed in any other summary manner, after giving to the party ten days notice. He saw fit, in the present case, to inform the defendants that he would make a motion to the dis *450 trict court to put the treasurer’s execufi on ia force. On this, we see not that it was either necessary or proper for the derentlaufs to appear. The execution could not acquire any additional strength by the order of the district court that it* should be put in force. If it did,, they might as well remain quiet, at home, if they had río valid reason to oppose to the motion,^ But, a notice of a motion for an order to puta treasury execution in force, does not ap¡ ear to us sufficient to authorise the court to pronounce a judgment, for the¿ su® meqti net! therein, with interests and costs. The execution did not carrv interest, and under it the money could be raised by tire sale of the property of the debtor and his sureties only; Fn-der the judgment, their bodies are rendered liable to imprisonment.
We are of opinion that the district court erred in giving judgment for the state on this notice, at all events in failing to adduce the reasons ou which its judgment is grounded.
Ji is, therefore, ordered, adjudged and decreed that it be annulled, avoided and reversed.
Proceeding to inquire What judgment ought *451 to' have been rendered by the district court, it , , appears to us that it could not grant any other against the defendants than that which they had been informed would be moved for, viz. that the execution be put in force. We are not aware of any law that authorizes, or would render available* the interference of the district court in this respect. *
Robertson, attorney general for the state. Seghers for the defendants.
is true the attorney general is authorized to proceed in any other summary way : but this, summary way, alluded to in the act. must be a legal one; unless summary and arbitrary be synonimous expressions, which we cannot admit.
The only judgment we can render is, that fhe attorney general take nothing by his motion.